**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JOEL BURROWS,

      *Plaintiff*,                     CASE NO. 11-CV-11511

*v.*                              DISTRICT JUDGE THOMAS LUDINGTON
                              MAGISTRATE JUDGE CHARLES BINDER

JOE HUNT;
RAWLINS and RIVERA, INC.,
*aka RRI, aka Russell, Reynolds,*
*and Ingram,*

      *Defendants*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
(Doc. 15)

## I.    RECOMMENDATION

       **IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED**.

## II.    REPORT

### A.    Background

       By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned magistrate judge for general pretrial case management on April 19, 2011. (Doc. 4.) The complaint avers that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and Plaintiff seeks actual and statutory damages. (Doc. 1 at 1.) The complaint further alleges that Defendant Rawlins and Rivera, Inc. ("RRI"), is a debt collector as defined by the FDCPA and that Defendant John Hunt ("Hunt") is an individual who was registered in the State of Florida as an officer and director of RRI, and thus was also a debt collector under

the FDCPA at all times relevant to the events complained of in this action. (Doc. 1 a t 1-3, ¶¶ 11, 13, 14, 21.) The complaint avers two counts: (1) against RRI for violations of the FDCPA occurring in July 2010 (*id.* at 3-11); (2) against Hunt for violations of the FDCPA also occurring in July 2010. (*Id*. at 11-13.)

Defendant RRI was served with a summons and copy of the complaint on April 27, 2011, so its answer was due on May 18, 2011. (Doc. 5.) Defendant Hunt was served with a summons and copy of the complaint on May 25, 2011, so his answer was due on June 15, 2011. (Doc. 6.) On June 23, 2011, Plaintiff requested a clerk's entry of default as to Defendants RRI and Hunt. (Docs. 8, 9.) On June 24, 2011, a clerk's entry of default was filed against Defendants RRI and Hunt. (Docs. 10, 11.)

On September 7, 2011, since there had been no further activity in the case, the Court entered an order to show cause why a report and recommendation should not be issued recommending that the action be dismissed for want of prosecution, giving Plaintiff until September 23, 2011, to respond. (Doc. 12.) On September 8, 2011, Plaintiff responded, indicating that he needed additional time to procure medical records substantiating his claim for damages before filing a motion for default judgment. (Doc. 13.) On September 9, 2011, the Court granted the request and set a deadline of September 30, 2011, for a dispositive motion. (Doc. 14.) On September 30, 2011, Plaintiff filed the instant motion for default judgment with sealed exhibits containing Plaintiff's affidavit and medical records. (Docs. 15, 16, 17.) To date, no response or other communication has been received from Defendants.

### B.   Default Judgment Standards

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a two-step procedure is required  to obtain a default judgment. First, "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. Civ. P. 55(a). Once this step has been completed, a plaintiff may proceed to request entry of a default judgment. Fed. Civ. P. 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs . . . ." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

There are some limitations on the entry of default judgments with certain classes of defendants. "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2). Furthermore, a "default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

### C.    Analysis and Conclusion

Plaintiff has accomplished the first step by properly seeking and receiving a Clerk's Entry of Default and serving the same on Defendants. (Doc. 10, 11.) Despite many opportunities to plead or otherwise defend the instant action, Defendants have failed to do so. There is no evidence that Defendants are incompetent, minors, members of the armed services, or officers of the United States.

Plaintiff has submitted affidavits attesting to the allegations in the complaint and his actual damages suffered, i.e., severe emotional distress, and he has submitted affidavits from his friends Richard Doerr and Galen Bellman attesting to Plaintiff's emotional distress. (Doc. 15, Exs. A, C,

D; Doc. 16.) In addition, Plaintiff has submitted his medical records regarding services he was given for the emotional distress he suffered. (Doc. 15, Ex. B; Doc. 17.)

Plaintiff has also submitted time sheets for work done by his attorney and a document from the United States Attorney's Office delineating reasonable attorney fee rates as well as an attorney fee survey report completed by the National Consumer Law Center. (Doc. 15 at Exs. E, F, G.) Plaintiff's counsel has set the rates of each attorney in the firm based on years of practice as suggested in the attorney fee survey and has summarized the complete number of hours, rates, and subtotals for each attorney,[1] along with costs in the amount of $287.00, for a total of $5,003.50 in costs and attorney fees. (Doc. 15 at 9.) In addition, Plaintiff seeks $25,000 in actual damages and $1,000 in statutory damages for a total of $31,003.50 in damages. (Doc. 15 at 10.)

I suggest that Plaintiff has properly supported his motion. The representations made in Plaintiff's affidavits are not inconsistent with the progression of symptoms described in the medical records. I therefore suggest that the instant motion for default judgment be granted for the full amount sought of $31,003.50. *See Dowling v. Litton Loan Servicing LP*, 320 Fed. App'x 442 (6th Cir. 2009) (affirming trial court award of $25,000 in actual damages for Plaintiff's emotional distress and approving of attorney fees at a rate of $300/hour).

## III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

---

[1]Larry P. Smith billed 3 hours at $375/hour, David M. Marco billed 2 hours at $275/hour, Ashley Decker billed 13.40 hours at $175/hour, and a paralegal billed 3.30 hours at $105/hour.

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). See also 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.


 s/ Charles E. Binder
CHARLES E. BINDER
Dated: January 9, 2012                          United States Magistrate Judge


CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System and on the following non-ECF participants via the United States Postal Service: Rawlins & Rivera, Inc., 1200 South Pine Island Road, Plantation, FL 33324, and Joe Hunt, 411 Sandy Lane, Deltona, FL 32738.

Date:  January 9, 2012            By____s/Patricia T. Morris_____
                                          Law Clerk to Magistrate Judge Binder